IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| GONG SHENG JIANG ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| v. ] | 4:12-cv-2527-RBP-RRA |
| ] | |
| JANET NAPOLITANO, et al., ] | |
| ] | |
| Respondents. ] | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. At the time he filed this petition, the petitioner, Gong Sheng Jiang, a native of China, was incarcerated at the Etowah County Jail, in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). In his petition, Jiang alleged that he was being illegally detained by ICE pending his deportation to China.

Jiang was released from ICE custody, pursuant to an order of supervision, on August 9, 2012. The respondents have filed a motion to dismiss the action as moot, since Jiang has been released and is no longer in ICE custody. By order entered August 13, 2012, the petitioner was afforded until August 27, 2012 to file a response to the motion to dismiss. However, the petitioner has filed nothing in opposition to the motion to dismiss.

The magistrate judge concludes that this action is due to be dismissed as moot. Mootness is a question of whether there is any relief available to the petitioner that may be granted by the court. The relief sought by Jiang is to be released from the custody of ICE.

Because Jiang has been released from ICE custody, his petition has been rendered moot, unless an exception to the mootness doctrine applies. The courts have developed two exceptions to the mootness doctrine: (1) collateral consequences, and (2) "capable of repetition yet evading review." *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

The collateral consequences exception does not apply in this case because Jiang does not attack the validity of a conviction, but ICE's decision to hold him in custody pending his deportation. The exception for events "capable of repetition, yet evading review" applies when: (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). Since the petitioner has been released pending his deportation to China, the circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief. Because there is no longer any relief that can be granted to Jiang, his petition is due to be dismissed as moot.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

In accord with the foregoing, the magistrate judge recommends that the respondents' motion to dismiss be GRANTED and that the petition for a writ of habeas corpus be DISMISSED as MOOT.

Any party may file specific written objections to this report within fifteen (15) days of the date it is filed in the office of the Clerk. Any objections filed must specifically identify the

findings in the magistrate judge's recommendation to which the objections pertain. Frivolous, conclusive, or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). A copy of the objections must be served upon all other parties to the action.

The Clerk is DIRECTED to serve a copy of this Report and Recommendation upon counsel for the petitioner and counsel for the respondents.

DONE this 29th day of August, 2012.

Robert R. Armstrong, Jr.
United States Magistrate Judge